[No. 10179.   Department Two.   May 8, 1912.]

The State of Washington, *on the Relation of the Northern Pacific Railway Company, Plaintiff*, v. The Superior Court for Snohomish County *et al.*, *Respondents.*[1]

Eminent Domain—Condemnation for Railroad Purposes—Statutes—Construction. The power conferred by Rem. & Bal. Code, § 8740, authorizing a railway company to condemn lands for depots, yards, terminals, etc., is a continuing power, not exhausted by its exercise in the first instance, and may be resorted to to change the location of the depot; hence it is unnecessary, in condemning for a connection between a main line and new terminals in a city, that there be a resolution of the board of directors in any particular form, as required by Id., §§ 8662 and 8668, relating to the construction of branch lines, those sections being inapplicable.

Eminent Domain—Condemnation for Railroad Purposes—Necessity—Evidence—Sufficiency. There is a sufficient showing of reasonable necessity for the condemnation of land for a new depot and terminal grounds, where it appears that the company's present depot is more than one mile from the business center of the city and inconvenient to patrons, that the present site is inadequate in size, and without sufficient trackage facilities to meet present necessities.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered February 6, 1912, dismissing an application to condemn land, after a trial to the court. Reversed.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for relator.

*John Sandidge* and *Robert McMurchie,* for respondents.

[1]Reported in 123 Pac. 529.

FULLERTON, J.—By this proceeding the relator, the Northern Pacific Railway Company, sought to condemn and appropriate to its use for the erection of a passenger station, freight terminals, and the necessary yards, transfer and switching tracks, certain described land in the city of Everett, owned by the respondent Anna Marie Linden. In its petition to condemn, the relator set forth that it then owned and operated a terminal station in the city of Everett, but that the same was not advantageously located for the efficient transaction of its business as a common carrier, and therefore it was necessary for the relator, in order to better accommodate the public and afford more efficient and satisfactory service in connection with its business as a common carrier, to construct and maintain a passenger station and freight terminals with the necessary yards, transfer and switching tracks at a point other than its present location, and to that end had relocated and determined to construct such facilities on the lots before mentioned. At the hearing, the respondent Linden appeared and contested the relator's right to an order of condemnation. The court at the conclusion of the hearing denied the petition, holding that the relator had not complied with the preliminary requirements of the statute relating to condemnation proceedings, and had not shown facts sufficient to warrant the conclusion that the public interests required the prosecution of the enterprise.

The holding that the railway company had not complied with the statutes relating to condemnation proceedings is based upon the resolution of the board of directors of the company directing the change to be made. The resolution offered in evidence merely authorized the construction of a passenger station and freight terminals with the necessary yards, transfer and switching tracks and other necessary facilities on the blocks sought to be condemned, and directed the acquisition of the blocks by purchase or condemnation, as it may be deemed proper. The resolution did not authorize any connecting tracks between the land sought to be con-

demned and the present main line of the road and it is this fact that is thought to render the resolution insufficient. It is claimed that a formal resolution by the directors of a railway company designating the route of a proposed track "by indicating the places from and to which the track is to be constructed" is by statute a necessary prerequisite to making a change such as is contemplated here. The statutes pointed out as sustaining the claim are §§ 8662 and 8668 of Remington & Ballinger's Code.

But we cannot think either of those sections applicable. The first plainly relates to the construction of branch lines; that is to say, lines running from some point on its road to another point more or less distant therefrom; it has no application to a mere change of terminals at a given point. The other section relates to the construction of a branch line into the state by a railway company having a main line of road without the state. It likewise has no reference to a change of terminals. But it is said that, if these sections of the statute are inapplicable, the only other section that can authorize the making of this change is § 8667 of the code authorizing the construction of spur tracks, and this limits the right to acquire a right of way for this purpose by condemnation in a municipal corporation to one quarter of a mile, and that the distance from this land here sought to be condemned to the relator's main line is more than one quarter of a mile. The meaning of this section is not altogether clear, but we have not taken it to mean that the length of a spur track therein permitted to be constructed within the boundaries of a municipal corporation must be limited to one mile; we think rather that the spur may be of such length as the requirements demand as long as its construction does not compel the builder to acquire by condemnation more than one quarter of a mile of the way. Conceding the statute operative, the construction of a track to connect the land sought to be condemned with the present main line of its road would not in this instance be a violation of the statute,

as it was shown in the evidence that the railway company had already acquired by purchase a right of way from the lands sought to be condemned to its main line, and that the acquisition of no other property would be necessary to connect the one with the other.

But we would prefer to rest the right of a railroad company to make a change of its terminals on another principle. By § 8740 of the Code, Rem. & Bal., a corporation organized for the construction of a railway is given power to condemn lands not only for its right of way, but for depots and "yards, terminals, transfer and switching grounds, docks and warehouses required for receiving, delivering, storage, and handling of freight, and such land or any interest therein as may be necessary for the security and safety of the public in the construction, maintenance, and operation of its railways." This power we think is a continuing power not exhausted by its exercise in the first instance, and hence, can be resorted to whenever the necessities of the case demand it. A resolution of the directors, therefore, in any particular form was not in this instance a prerequisite of the right to condemn, and it was error for the trial court to so hold.

On the question whether the public interests require the prosecution of the enterprise, we think the court was also in error. It was shown that the present terminals of the relator are situated more than a mile from the business center of the town of Everett, and were thus inconvenient to persons receiving and shipping freight over the relator's lines, as well as to persons who took passage over them; that aside from being inconveniently located, they were inadequate in size to properly accommodate the public; that the storage capacity of its depots is insufficient for present necessities; that there is not a sufficiency of train tracks to accommodate its shippers, and that it has no room at its present location to insert more; in fine, its business has outgrown its present facilities, and more cannot be acquired without the acquisition of more land. This shows a reasonable necessity for

the exercise of the power of eminent domain, and a reasonable necessity therefor is sufficient to warrant its exercise. As we said in *Samish River Boom Co. v. Union Boom Co.*, 32 Wash. 586, 73 Pac. 670, the term necessity, does not mean an absolute and unconditional necessity, but a reasonable necessity to be determined from the circumstances of the particular case. So here if the present facilities of the railway company are inadequate to enable it to properly serve the public and are inconvenient for that purpose, and it is possible to make them so by changing to a new location (and such is the state of the proofs), we think there is a reasonable necessity for it to condemn land for that purpose.

The judgment appealed from is reversed, and the cause remanded with instructions to enter an order of condemnation.

ELLIS, MOUNT, and MORRIS, JJ., concur.